[No. 7,175.—Department Two.]

## SAMUEL WILD v. JOHN A. ODELL.

MALICIOUS PROSECUTION—MALICE—PROBABLE CAUSE. — The plaintiff found
the cows of the defendant in his garden, and sent a messenger to defendant,
requesting him to come and pay the damage done by the cows, and to take
them away. The defendant thereupon went to an attorney and told him that
he had heard that the plaintiff had his cows, and had secreted them, and
that he could not find them; and the attorney advised the defendant to
cause the arrest of the plaintiff for larceny, which was done. *Held,* that
there was actual malice, and a want of probable cause for the arrest.

APPEAL from a judgment for the plaintiff, and from an order
denying a motion for a new trial, in the Sixth District Court,
County of Sacramento. DENSON, J.

*Ed. M. Martin*, for Appellant.

The plaintiff has failed to show any malice, and it appeared
that there was probable cause for the arrest. Both want of
probable cause and malice must be affirmatively established.
(*Ganea* v. *S. P. R. R. Co.* 51 Cal. 140; *Levy* v. *Brannan*, 39
id. 485; *Anderson* v. *Coleman*, 53 id. 188.)

*L. S. Taylor*, for Respondent.

SHARPSTEIN, J.:

The plaintiff in his complaint alleges, that the defendant maliciously, and without probable cause, procured the arrest and imprisonment of the plaintiff upon a charge of grand larceny. The defense is, that the prosecution was not malicious, but was instituted by the defendant for good and just motives.

It appears, from the statement on motion for a new trial, that the plaintiff Wild testified on the trial of this case, that about three A. M. October 20th, 1878, he found two cows in his garden, eating vegetables and destroying trees, and drove them into his corral; that in the morning he tried to find out who owned them; that about nine A. M. of the same day one Morgan came to plaintiff's house in search of stray cows; that plaintiff told Morgan the foregoing facts, and described the cows to him; that Morgan said that they were defendant's cows, and that he (Morgan) was looking for them; that plaintiff "told him to go to Odell (defendant), and tell him to come over and see the damage the cows had done, and to pay the damage, and take the cows away." Morgan was called as a witness by the plaintiff, and corroborates him fully in his statement of what occurred between plaintiff and Morgan, and then adds: "I went to Odell (defendant) and told him that Wild had taken up his cows for trespass, and wanted him to come and see the damages, and take them away, and pay the damages; and Odell said, 'Pay hell! I'll go down town and have him arrested.'"

These facts are not contradicted by the defendant; but he testifies in his own behalf as follows: "I am defendant. I had plaintiff arrested. I missed my cows, and I heard the plaintiff had secreted them, and I could not find them. I went to O. C. Lewis, an attorney at law, and told him that I had heard that the plaintiff had my cows, and that he had secreted them, and I could not find them. Lewis said I had better have plaintiff arrested for larceny, and Lewis made out the complaint, and I swore to it. At the time I had the complaint made, I thought the plaintiff herein was guilty; after I learned all the facts, I ordered the dismissal. I acted under advice of my attorney. I thought he knew."

The attorney to whom defendant refers was sworn, and stated

that he was told by the defendant that he had lost his cows, and had heard that the plaintiff had them secreted, and that he, the witness, told plaintiff "if that was so, it was grand larceny," and made out a complaint and had plaintiff arrested; and that, after learning the facts, he, the witness, had the case dismissed.

These facts were submitted to a jury, which brought in a verdict in favor of the plaintiff. The defendant, on his motion for a new trial, relies entirely upon the point that the evidence is insufficient to justify the verdict, and specifies that neither malice nor want of probable cause is shown; and that it is shown that the defendant acted under the advice of counsel. We differ with appellant's counsel upon each of these propositions. There is uncontradicted evidence tending to prove actual malice and want of probable cause, and the defense that defendant consulted counsel, and acted under his advice, is entirely overcome by evidence that he, defendant, did not state the facts of his case to his counsel.

Judgment, and order denying the motion for a new trial, affirmed.

THORNTON, J., and MYRICK, J., concurred.