[No. 15683.    Department One.—June 3, 1895.]

CATHERINE SANDELL ET AL., APPELLANTS, v. OBA-DIAH D. SHERMAN ET AL., RESPONDENTS.

EVIDENCE—PRACTICE—EXCUSING WITNESS FROM FURTHER CROSS-EXAMINA-TION.—The scope within which cross-examination is to be confined, and the time requisite therefor, are, subject to certain well-defined rules, largely within the discretion of the trial court; and, where a witness has been exhaustively cross-examined upon a particular point, it is not an abuse of discretion for the court to excuse him from further cross-examination, in the absence of any suggestion from the counsel conducting the examination that he wished to cross-examine the witness upon other points.

MALICIOUS PROSECUTION—PROBABLE CAUSE.—In an action to recover damages for a malicious prosecution what facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not is a pure question of fact. The former is exclusively for the court; the latter for the jury.

ID.—INSTRUCTIONS.—Where the court had repeatedly and correctly instructed the jury that they were the sole judges of the facts, but that the question as to what facts would constitute a want of probable cause was one of law for the court, a further instruction that the plaintiffs, in order to

establish their case, must show such facts as would warrant the jury in finding "that there was malice and want of probable cause on the part of the defendants," will not be held to have misled the jury into supposing that they were to find upon the question of law as to probable cause.

ID.—ADVICE OF COUNSEL.—The general rule in reference to the advice of counsel as a defense in actions for malicious prosecutions is, that where a party has communicated all the facts bearing on the case of which he has knowledge, or could have ascertained by reasonable diligence and inquiry, and has acted upon the advice received, honestly and in good faith, the want of probable cause is negatived, and the action for malicious prosecution will not lie.

ID.—INSTRUCTIONS.—In an action to recover damages for the malicious prosecution of a proceeding for the appointment of a guardian, an instruction that "if the defendants, before filing the petition to have a guardian appointed, sought the advice of counsel, . . . . and stated to him all the case on which the application for guardianship was based, and made a full and fair statement of all the facts of that case to their counsel, and he advised that they file a petition for the appointment of a guardian, . . . . and believing and acting on such advice they filed their petition, it is a good defense in this case, and it makes no difference if their petition was denied," is a correct statement of the law, when tested by the preceding rule.

ID.—GOOD FAITH OF COUNSEL.—The question of the good faith of counsel in giving the advice is not an element in determining whether there was or was not probable cause.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.

The facts are stated in the opinion.

*George E. Lawrence,* for Appellants.

*Ash & Mathews,* for Respondents.

SEARLS, C.—Action for the malicious prosecution of an application in the superior court to have a guardian appointed of the estate of Catherine Sandell, the female plaintiff.

Defendants had a verdict and judgment, from which judgment and from an order denying their motion for a new trial plaintiffs appeal.

The first error assigned by appellant is based upon an alleged abuse of discretion by the court at the trial in excusing Margaret C. Broeder from further testifying

while under cross-examination and before the same was completed.

Mrs. Broeder, the witness, was one of the defendants in the case, and a daughter of Mrs. Sandell, the female plaintiff. She had testified at length to the effect that her mother, the plaintiff, had long been in feeble health, and weak in body and mind; that at the age of seventy years she had married Sandell, the other plaintiff, who was a young man; she then detailed the troubles that followed, the conveyance of property by her mother to her husband, and as to her belief in the incapacity of her mother to manage her property, and her statements to counsel of the facts and the advice of the latter to apply for a guardian over her mother's property, which was done, etc.

The cross-examination, covering over six pages of the transcript, was confined to questioning the witness as to her testimony before the superior court in the proceeding for the appointment of a guardian, and in so doing probably led the court below to believe that time was being needlessly consumed.

The court thereupon remarked as follows: "I think you have taken enough time, Mr. Lawrence, with this witness. I will excuse you, madam."

Counsel for appellant did not then suggest any other point upon which he desired to cross-examine the witness. Had he done so, and asked to be permitted to examine upon other branches of the testimony, permission would probably have been granted to do so.

The scope within which cross-examination is to be confined and the time requisite therefor are, subject to certain well-defined rules, largely a matter of discretion with the trial court.

In the present instance no abuse of such discretion is apparent; and no cause for reversal is presented.

The only other objections urged in favor of reversal relate to the instructions given to the jury. Their length (over seventeen pages of the transcript) precludes their being set out in full; excerpts taken from them and pre-

sented as independent propositions, unsupported and unexplained by the context, would lead to the conclusion that error is involved; but, when taken together as a whole, and certain expressions used therein are viewed in the light of the accompanying explanations, it is believed they contain a correct exposition of the law applicable to the case. To illustrate: This sentence is found in the instructions: " I instruct you that the affirmative of the issue here is upon the plaintiffs. They must in this case show such facts in order to establish their cause as will warrant you in finding that there was malice and want of probable cause on the part of these defendants in doing the things which they did, and they must establish that by a preponderance of testimony."

Appellant contends that this instruction left the jury to determine for themselves what facts constituted probable cause, whereas probable cause is always a question of law. (Citing *Ball* v. *Rawles*, 93 Cal. 222; 27 Am. St· Rep. 174; *Eastin* v. *Bank of Stockton*, 66 Cal. 125; 56 Am. Rep. 77; *Fulton* v. *Onesti*, 66 Cal. 575; *Harkrader* v. *Moore*, 44 Cal. 152; *Grant* v. *Moore*, 29 Cal. 644.)

What facts and circumstances amount to probable cause is a pure question of law. Whether they exist or not in any particular case is a pure question of fact. The former is exclusively for the court; the latter for the jury. (Newell on Malicious Prosecution, 14.)

The same author says, at page 276, what in most cases is manifestly true, viz: " The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show it probable are true and existed is a matter of fact, and to be determined by the jury; but whether, supposing this to be true, they amount to probable cause, is a question of law."

It has been sometimes regretted by the courts that it is not by the law of England, as by that of Scotland, a question for a jury. (*Perryman* v. *Lister*, L. R. 3 Ex. 197; 4 H. L. 521.) But considerations of public policy

have hitherto, both in England and this country, dictated the rule as hereinbefore enunciated.

But, conceding all this, it is not perceived that the court erred in the paragraph quoted. It will be observed that the object of the instruction was to impress upon the minds of the jury the fact that the burden of proof under the pleadings was upon the plaintiff to establish the two propositions essential to a recovery, viz., *malice* and *a want of probable cause.*

The language of the instruction follows closely the rule as contained in the books in reference to the proofs necessary to be made by a plaintiff in such cases.

The court had already instructed the jury that they were the sole and exclusive judges of the facts, but that " the question of want of probable cause is a question for the court as a question of law," and had stated to the jury that, if certain facts which were enumerated existed, probable cause was shown, and they should find for defendants, and that certain other enumerated facts, if found to exist, would show a want of probable cause for instituting the proceedings complained of, and the verdict should be for the plaintiff.

The jury was not instructed to determine whether or not the established facts do or do not amount to probable cause.

The expression used by the court was not an apt one, perhaps, but that it misled the jury into supposing that they were to find upon the question of law as to probable cause is a conclusion which, in the face of the repeated instructions of the court on that subject, cannot be fairly reached.   The other objections to the instructions are more technical than real.   The more important one is founded upon the language of the third instruction given at the request of defendant.   It is as follows:

" 3. I instruct you that if the defendants, before filing the petition to have a guardian appointed for the plaintiff, sought the advice of counsel, a respectable attorney at law, and of good standing, regularly admitted to practice, and who was practicing his profession in all

the courts of this state, and stated to him all the case on which the application for guardianship was based, and made a full and fair statement of all the facts of that case to their counsel, and he advised that they file a petition for the appointment of a guardian for the plaintiff in this action, and believing and acting on such advice they filed their petition, it is a good defense in this case, and it makes no difference if their petition was denied by the court."

It is urged that this instruction was erroneous, for the reasons: 1. That it leaves out the element of good faith on the part of defendants in seeking the advice of counsel; 2. That it does not charge that they should have stated to the attorney all the facts within their knowledge or which they reasonably could have obtained; 3. That it does not state that the attorney advised them in good faith; 4. It does not contain the element of good faith on the part of defendants; 5. It contradicts plaintiff's third instruction.

The general rule in reference to the advice of counsel as a defense in actions for malicious prosecution, and which is amply supported by authority, is as follows: "Where a party has communicated to his counsel all the facts bearing on the case of which he has knowledge, or could have ascertained by reasonable diligence and inquiry, and has acted upon the advice received, honestly and in good faith, the absence of malice is established, the want of probable cause is negatived, and the action for malicious prosecution will not lie." (Newell on Malicious Prosecution, 310, and cases there cited; see, also, *Potter* v. *Seale*, 8 Cal. 218; *Levy* v. *Brannan*, 39 Cal. 485; *Wild* v. *Odell*, 56 Cal. 136; *Jones* v. *Jones*, 71 Cal. 89.)

Tested by the foregoing rule, we fail to see any serious objection to the instruction. If the defendants made a " full and fair statement of all the facts of the case to their counsel," and if he advised that they file a petition for the appointment of a guardian, etc., and if

they " believing and acting on the advice" did so, they must have acted in good faith.

The question of the good faith of counsel in giving the advice is not an element in the problem. Nor is any contradiction observed between the instruction and the third instruction given at the request of plaintiff.

The latter is much fuller in detail than the former, but states the law precisely the same, and then proceeds to instruct the jury that, if the defendants consulted an attorney as a means of covering malice, and did not believe the advice given to them, or did not act in good faith under the advice, or did not believe there was cause for the institution of the proceedings, or if they instituted such proceedings from a fixed and malicious determination of their own and not from the advice of counsel, or that they did not make a full, fair, and true statement of all the facts known to them to their attorney, then it was no defense; and, if the proceeding was prosecuted maliciously, then the verdict should be for plaintiff.

It is worthy of remark, also, that, at the close of the instruction immediately following the one objected to, the court instructed the jury that they were "the judges of the facts whether the defendants made a full and fair statement of all the facts to their attorney before obtaining his advice to file a petition for the appointment of guardian."

The instructions, taken as a whole, contained a full and fair exposition of the law applicable to the case, and were as favorable to plaintiffs as either the facts or law would warrant.

The judgment and order appealed from should be affirmed.

BRITT, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

GAROUTTE, J., HARRISON, J., VAN FLEET, J.