[L. A. No. 317.   Department One.—December 30, 1897.]

## LEE SEABRIDGE, Respondent, v. ROBERT McADAM, Appellant, and T. H. JOHNSON, Defendant.

MALICIOUS PROSECUTION—ARREST UPON CRIMINAL CHARGE—INSTRUCTIONS—IMPROPER CHARGE AS TO ADMISSION OF ANSWER.—In an action for a malicious prosecution of the plaintiff upon a criminal charge, where the separate answer of a defendant not appealing admitted that he had filed the complaint with a justice of the peace charging the plaintiff with a criminal offense, and the separate answer of the defendant appealing contained no admission that such complaint was filed by him, it is a substantial error against such appellant for the court to charge the jury that it was admitted by the answer of the defendants "that the defendants did file a complaint with a justice of the peace charging the plaintiff with a criminal offense."

ID.—ADVICE OF COUNSEL—IMPROPER INSTRUCTION AS TO GOOD FAITH OF COUNSEL.—An instruction as to protection of the defendant from a malicious prosecution under advice of counsel, stating that "such advice must be sought and given in good faith and with an honest purpose," is erroneous, the question of the good faith of counsel in giving the advice not being an element in the problem.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

A. R. Metcalfe, and J. H. Merriam, for Appellant.

Edwin Baxter, for Respondent.

GAROUTTE, J.—This is an action to recover damages for a malicious prosecution. Defendant McAdam was the owner of a certain tract of inclosed land. Plaintiff Seabridge was a subtenant of defendant's vendor, and was cultivating a portion of this land to grain. Defendant, claiming the exclusive possession of the land, fastened the entrances thereto. Plaintiff, claiming the right to enter, broke the gates and entered. He was arrested for malicious mischief upon complaint of Johnson, an employee of defendant and a codefendant in this action. Upon this charge of malicious mischief Seabridge was acquitted, and thereupon brought this action, claiming that his arrest and prosecution were malicious.

The verdict of the jury was against defendant McAdam, the appellant here, and we cannot say that the evidence was insufficient to support it. In view of all the facts, the amount of damages awarded to plaintiff (eight hundred dollars) may be said to be somewhat excessive. It is very difficult to see wherein plaintiff has been damaged in any such amount. Even when exemplary damages are allowed, some limit within reason should be fixed, but, as the case must be returned for a new trial upon other grounds, we pass the matter without more consideration.

The court instructed the jury as follows: "This is a civil action for damages for an alleged malicious prosecution of the plaintiff by the defendants upon a criminal charge. Three prerequisites in such an action, which are alleged in the complaint, are admitted by the defendants' answer: 1. That the defendants did file a complaint with a justice of the peace charging the plaintiff with a criminal offense." As stated by the learned judge, this fact was a necessary prerequisite to plaintiff's recovery, and the instruction quoted conclusively took away from the jury any consideration of the evidence introduced at the trial bearing upon it. To be sure, if a material fact be admitted by the pleading, the court has a right to instruct the jury to that effect, but it is only in a clear case that such instruction should be given. At the trial it in no way appeared that defendant McAdam conceded that he filed the complaint against plaintiff. If the evidence shows anything upon the point, it would appear to be a contested issue of fact, but we are not now dealing with the evidence, but with the law. Was the instruction justified

by the allegation of McAdam's answer? Johnson, the code-
fendant, filed a separate answer, and it may be said that he made
such an admission, but we find no such admission in the an-
swer of McAdam. There is nothing in the pleading looking
toward an admission of the fact, unless it be found in the
following allegations: "Said defendant, Robert McAdam, further.
answering plaintiff's said amended complaint, alleges that . . . .
he was credibly informed, to wit, by the defendant, T. H.
Johnson, that theretofore, to wit, on the fourteenth day of
August, 1893, the plaintiff in this action did maliciously and
willfully tear down a fence to make a passage through an in-
closure belonging to said Robert McAdam; that thereupon
he in good faith, and believing that the plaintiff had com-
mitted a public offense, advised the said T. H. Johnson to
state the facts of the case to Samuel Owens, a justice of the
peace of said county, residing in the said town of Whittier; that.
thereupon said Johnson did appear before said justice and state
the facts of the case, and that a complaint was made in accord-
ance therewith, and sworn to by said Johnson, and was filed by
said justice, charging the plaintiff with said offense, and a re-
turn was thereupon issued by said justice for the arrest of the
plaintiff upon said charge." These allegations wholly fail to
substantiate the statement of the court that defendant McAdam
admitted by his answer that he filed the complaint against the
plaintiff. The defendant had the right by his pleading to go
before the jury claiming that under the evidence he did not
file the complaint against this plaintiff. This right was a most
substantial one, and was denied to him by the instruction of the
court.

The court also gave the jury the following instruction: "The
court instructs that, in order to claim protection under advice
of counsel, three requisites are necessary: 1. Such advice must
be given after a full and fair statement to the attorney of all
the facts in the case which the defendants knew, or had reason-
able cause to believe; 2. Such advice must be sought and given
in good faith and with an honest purpose." It is said in *San-
dell v. Sherman*, 107 Cal. 397: "The question of the good faith
of counsel in giving the advice is not an element in the prob-
lem."

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Harrison, J., and Van Fleet, J., concurred.

Hearing in Bank denied.