# CASES DETERMINED

IN THE

# SUPREME COURT OF CALIFORNIA

BUT NOT

# OFFICIALLY REPORTED.

HOLLIDAY v. HOLLIDAY et al.*

L. A. No. 338; April 26, 1898.

53 Pac. 42.

**Malicious Prosecution—Termination of Action.—An Allegation,** in an action for malicious prosecution, that the prosecution on which the action is based had been finally determined in plaintiff's favor, is sufficient, without alleging, in addition, the means, as by writ of habeas corpus, by which that end was accomplished.

**Malicious Prosecution—Probable Cause.—When a Prosecution,** under Penal Code, sections 701–714, authorizing the arrest of a person charged with having threatened to commit an offense, results, after a hearing, in an order requiring the accused to give an undertaking to keep the peace, the order, unless it is shown to have been procured by fraud, is conclusive evidence of probable cause.

**Malicious Prosecution—Termination—Probable Cause.—In an** action for malicious prosecution, it appears that, in one of the prosecutions on which the action was based, the plaintiff was discharged on a writ of habeas corpus, on the ground of the insufficiency of the commitment, and a possible defect in the warrant; and, in the other, upon the statement that she could not give a bond and assurances that she would not harm defendants, who were seeking to compel her to give an undertaking to keep the peace, she was discharged on motion of the district attorney, on her own recognizance. Held, that an instruction that plaintiff's release upon the habeas corpus proceedings and the dismissal on the motion of the district attorney were each a sufficient termination of the prosecution, for the purposes of this action, going to show a want of probable cause, is error.

*For subsequent opinion in bank, see 123 Cal. 26, 55 Pac. 703.

Malicious Prosecution—Probable Cause—Advice of Counsel.—
A defendant in an action for malicious prosecution, who relies on the
defense of probable cause by showing that he in good faith acted on
the advice of counsel, after having disclosed to him all the material
facts within his knowledge relating to the offense and the accusation,
need not show that he also disclosed all the material facts bearing
on the case which he could have ascertained by reasonable diligence,
the other disclosures being sufficient.[1]

APPEAL from Superior Court, Los Angeles County;
Waldo M. York, Judge.

Action by Fannie L. Holliday against Edward F. and Mrs.
M. P. T. Holliday. Judgment for plaintiff and defendants
appeal. Reversed.

Wm. J. Hunsaker for appellants; James & Newby for
respondent.

BELCHER, C.—This is an action to recover damages for
malicious prosecution and false imprisonment, based on a
proceeding instituted by defendants against plaintiff before
a justice of the peace, under the provisions of sections 701
to 714 of the Penal Code. The complaint contains four
counts. The first count alleges that on the nineteenth day of
August, 1895, in the city of Los Angeles, the defendants
falsely and maliciously, and without reasonable or probable
cause, charged plaintiff before William Young, a justice of
the peace within and for the township of Los Angeles, with
having threatened to burn the personal property of defend-
ants, and to shoot, stab and kill defendants, and that said
defendants had just cause to fear the said threats would be
carried into execution by said plaintiff if she was not
restrained by the court, and procured said justice to issue a
warrant for the arrest of plaintiff on said charge; and there-
upon plaintiff was arrested under said warrant, and impris-
oned in the county jail of Los Angeles county for the space
of eight days. It is then alleged "that on the twenty-seventh
day of August, 1895, upon petition of plaintiff for discharge

---

[1] Cited, as showing the tendency of decisions elsewhere than in
Texas, in Missouri, Kansas & Texas Ry. Co. v. Groseclose, 50 Tex.
Civ. 528, 110 S. W. 478, the court there saying: "In this state the rule
is that advice of private counsel is not complete defense, but a fact
to be considered by the jury on the issue of malice and probable
cause."

upon a writ of habeas corpus, which was duly issued and returned, the said plaintiff was discharged from custody, and the said prosecution is wholly ended and determined.'' The second count alleges that on the twenty-seventh day of August, and immediately after plaintiff's discharge, as alleged in the first count, the defendants again procured the said justice to issue a warrant for the arrest of plaintiff upon the same charge set out in the first cause of action; and thereupon she was arrested under said warrant, and imprisoned for three hours, until released upon her own recognizance to thereafter appear and answer said charge; and ''that on the thirty-first day of August, at the request of counsel for defendants, and on motion of the district attorney, the plaintiff was discharged from custody without examination, and said prosecution is wholly ended and determined.'' The third and fourth counts, by the instruction of the court, were withdrawn from the consideration of the jury, and they need not therefore be considered. Defendants demurred to each of the counts contained in the complaint, and their demurrer was overruled. They then answered, denying the allegations of the first and second counts relating to malice, want of probable cause, and damage, and, as a further defense to the first count, alleged that, after an examination of the charge before the justice of the peace, the proceeding was finally determined on August 20th, and, as showing such final determination, set up the following order made by the justice:

''It appears to me that there is just reason to fear the commission of the offense within mentioned. I order that you, the said defendant, enter into an undertaking in the sum of $1,000, with two sufficient sureties, to keep the peace toward the people of the state of California, and particularly toward the affiants.

''Done in open court, this 20th day of August, 1895.

''WM. YOUNG,

''Justice of the Peace.''

And, in addition to the denials of the allegations of the second count, defendants alleged that they consented to the dismissal of the second proceeding solely for the reason that they and their counsel were assured by the counsel for the plaintiff in this action (the defendant in said proceeding) that she would not carry the threats, for the making of which she was charged, into execution, or otherwise harm or molest

the persons or property of defendants. The case was tried before a jury, and a verdict was rendered in favor of the plaintiff for the sum of $500, on which judgment was entered. From that judgment and an order denying their motion for a new trial, defendants have appealed.

The law is well settled that, to maintain an action of this kind, the plaintiff must allege and prove affirmatively malice and want of probable cause on the part of the defendant in instituting the proceeding which is made the basis of the action, and that the same has been finally determined in favor of the plaintiff. Appellants contend that the allegation in the first count of the complaint that upon a writ of habeas corpus, which was duly issued and returned, plaintiff was discharged from custody, and the prosecution was wholly ended and determined, was not sufficient to show that the proceeding had been finally determined in favor of the plaintiff, and therefore their demurrer to that count should have been sustained. The argument is that it does not appear that the petition for the writ was presented to any court or judge having jurisdiction to issue the writ, or that an order was made by any court or judge directing the discharge of plaintiff. But it was only necessary to allege that the prosecution had been finally determined, and not the means by which that end was accomplished. The statement that plaintiff was discharged upon a writ of habeas corpus, which was duly issued and returned, and the prosecution was wholly ended, should therefore, we think, be held sufficient.

It is further contended that the order of the justice of the peace made August 20th, requiring the plaintiff to enter into an undertaking to keep the peace, was a conclusive determination that there was probable cause for the institution of the proceeding which resulted in the making of such order, and was not subject to collateral attack. And, in accordance with this contention, defendants requested the court to instruct the jury that the order referred to, made by the justice upon the information before him, was ''conclusive evidence that there was probable cause for lodging said information and prosecuting said proceeding.'' The court refused to give the instruction asked, and, at the request of the plaintiff, instructed the jury that ''the fact that Justice Young rendered judgment requiring the plaintiff in this action to give bail in the sum of $1,000 to keep the peace is no bar to this action

by the plaintiff," and that "the defendants cannot shield themselves on the first and second causes of action behind the action of Justice Young in issuing the warrants of arrest and committing plaintiff, if the facts stated in the information were false, and not believed by the defendants to be true." It is claimed by appellants that the court erred in refusing to give the instruction requested by them, and in giving the instructions requested by respondent, and many cases are cited on both sides as to the effect, as conclusive evidence, of judgments and orders of courts. Without reviewing the cases cited, we deem it enough to say that, while there is some apparent conflict in the decisions, the prevailing rule seems to be that when a person is charged before a competent court having jurisdiction of the matter, and is tried and found guilty, the judgment rendered, unless it is shown to have been obtained by means of fraud, is conclusive evidence of probable cause for making the charge, even though it is afterward held to be unauthorized and reversed on appeal. It has, however, been held by this court that, in actions for malicious prosecution, the fact that the plaintiff, after examination, has been held to answer by the examining magistrate, is prima facie, but not conclusive, evidence of the existence of probable cause for the prosecution complained of: Ganea v. Railroad Co., 51 Cal. 140; Diemer v. Herber, 75 Cal. 287, 17 Pac. 205. Under the provisions of the Penal Code before referred to, authorizing the arrest of a person charged with having threatened to commit an offense against the person or property of another, the order of the magistrate, made after a hearing, and requiring the accused person to enter into an undertaking to keep the peace, would seem to have the force and effect of a final judgment and determination that there was just reason to fear the commission of the offense, and that the penalty provided should be imposed. If this be so, then such an order goes further and has a wider effect than an order made by an examining magistrate holding a party to appear and answer for some alleged offense before a trial court. We conclude, therefore, that appellants' contention on this point must be sustained, there having been no evidence that the said order of the justice was procured by fraud.

In actions of this character, what constitutes probable cause is always a question of law for the court. As said in Ball v. Rawles, 93 Cal. 222, 27 Am. St. Rep. 174, 28 Pac. 937:

"Malice is always a question of fact for the jury, but whether the defendant had or had not probable cause for instituting the prosecution is always a matter of law, to be determined by the court. If the facts upon which the defendant acted are undisputed, the court, according as it shall be of the opinion that they constituted probable cause or not, either will order a nonsuit (or direct a verdict for the defendant), or it will submit the other issues to the jury; but, whether admitted or disputed, the question is still one of law to be determined by the court from the facts established in the case. If the facts are controverted, they must be passed upon by the jury before the court can determine the issue of probable cause; but the question of probable cause can never be left to the determination of the jury. . . . . The court cannot devest itself of its duty to determine this question, however complicated or numerous may be the facts. It must instruct the jury upon this subject in the concrete, and not in the abstract, and must not leave to that body the office of determining the question, but must itself determine it, and direct the jury to find its verdict in accordance with such determination. The court should group in its instructions the facts which the evidence tends to prove, and then instruct the jury that, if they find such facts to be established, there was or was not probable cause, as the case may be, and that their verdict must be accordingly."

In accordance with the law as above declared, the court, at the request of plaintiff, very briefly and meagerly grouped the facts which would constitute a want of probable cause, and instructed the jury that, if they found those facts to be true, the verdict should be in favor of the plaintiff. And, at the request of defendants, the court very fully grouped the facts which the evidence tended to prove, and instructed the jury that, if they found those facts to be true, then they constituted probable cause for lodging the information against plaintiff, and her arrest and prosecution, and the verdict should be for defendants on both causes of action. It is objected that the facts, as grouped at the request of plaintiff, were insufficient to show a want of probable cause, and that this was a fatal error, which calls for a reversal. But all of the instructions must be read together, and, when so read, we fail to see that the jury could have been misled. The jury must be presumed to have understood that if the facts, as grouped at the request of defendants, were not found to be

true, then there necessarily must have been a want of probable cause.

At the request of the plaintiff, the court instructed the jury "that the release of plaintiff upon habeas corpus proceedings was and is a sufficient termination of the first prosecution; and the dismissal by the court on the motion of the district attorney on August 31, 1895, was a sufficient termination of the second prosecution, for the purposes of this action." In view of the evidence, this instruction, we think, was erroneous. Mr. Jones, who was the attorney for plaintiff in the habeas corpus proceeding before Judge Shaw, testified: "The ground upon which Judge Shaw discharged Mrs. Holliday was, as I remember, that the commitment was improper. It wasn't necessary to discuss the question of the sufficiency of the evidence, as she was discharged on account of the insufficiency of the commitment, and possibly a defect in the warrant. I think the main point that we pressed the most heavily was that the warrant of commitment did not conform to the order of commitment, and therefore she was unlawfully committed to jail, and she was therefore discharged." And as to the second discharge, it was proved that, immediately after plaintiff's second arrest, she and her attorney went to the justice's office, and there found Mr. Williams, the deputy district attorney; and that after consultation between the attorneys, and a statement by her attorney that she could not give a bond in any sum, and an assurance by her and her attorney that she would not do any harm to defendants, she was, on motion of the district attorney, released by the justice on her own recognizance. This being so, it certainly did not appear that either one of the proceedings against the plaintiff had been finally determined in her favor.

The court also, at the request of plaintiff, instructed the jury as follows: "The defendants rely upon the advice of counsel as one of their defenses to the causes of action for malicious prosecution, and upon this point the court instructs the jury that whether or not the defendants did, before instituting the proceedings, make a full, fair, and honest statement to their attorneys of all the material facts bearing upon the facts stated in the informations laid before Justice Young of which they had knowledge, or which they could have ascertained by reasonable diligence, and whether, in commencing

such proceedings, the defendants were acting in good faith upon the advice of their counsel, are questions of fact to be determined by the jury from all the evidence and circumstances proven in the case; and, if the jury believe from the evidence that the defendants did not make a full, fair and honest statement of such facts to their counsel, then such advice cannot avail them anything in this suit." By this instruction, the court, in effect, charged the jury that when, in an action for malicious prosecution, the defendant relies upon the advice of counsel as a defense for instituting the proceeding complained of, he must, in order to avail himself of that defense, prove to the satisfaction of the jury that, before instituting the proceeding, he made a full, fair and honest statement to his counsel of all the material facts bearing upon the charge of which he had knowledge, or which he could have ascertained by reasonable diligence, and that he acted in good faith upon the advice of the counsel. In Dunlap v. Insurance Co., 109 Cal. 365, 42 Pac. 29, instructions of similar import were given by the court, and held to be erroneous, and, for the error in giving them, the judgment was reversed. The court, after a review of the authorities, said: "Assuming that in seeking the advice of counsel, and in acting thereon, he has acted in good faith, and has disclosed all the facts within his knowledge relating to the offense and the accusation, his defense of probable cause will be established, even though the defendant should show at the trial other facts sufficient to secure his acquittal, and which might have been ascertained by the prosecuting witness if he had made diligent inquiry therefor. It is not necessary that he shall institute an investigation of the crime itself, or seek to ascertain whether there are other facts relating to the offense, or try to find out whether the accused has any defense to the charge. He is not required to exhaust all sources of information bearing upon the facts which have come to his knowledge, for that would be to require him to perform the office of the committing magistrate, and thus thwart the very purpose of the law in inducing him to seek its immediate vindication for crimes committed against it. There are expressions in some opinions to the effect that, in addition to the facts within his knowledge, he must also have exercised reasonable diligence to ascertain whether there are any other facts bearing upon the charge; but, in an extended examination of the authori-

ties, we have not been able to find any case in which it has been decided that such diligence must be exercised, or where the prosecuting witness has been held liable for failure to ascertain whether there were any other facts bearing upon the case.'' The case of Sandell v. Sherman, 107 Cal. 391, 40 Pac. 493, cited by counsel for respondent, does not sustain their claim that the instruction under review was not erroneous. In that case an instruction was given which stated that if the defendants ''made a full and fair statement of all the facts of that case to their counsel,'' and he advised, etc., and they acted on his advice, ''it is a good defense in this case.'' It was urged that the instruction was erroneous, for the reason, among others, ''that it does not charge that they should have stated to the attorney all the facts within their knowledge, or which they reasonably could have obtained.'' But, tested by the general rule in such cases, the court failed to see any serious objection to the instruction, and held it to be sufficient. Following the law as declared in the Dunlap case, it must be held here that the instruction under review was erroneous in so far as it charged, in effect, that the defendants could not avail themselves of the advice of counsel unless the jury should find from all the evidence and circumstances proven in the case that, before instituting the proceedings, they made a full, fair and honest statement to their attorneys of all the material facts bearing upon the case ''which they could have ascertained by reasonable diligence.''

For the errors above noted, the judgment and order appealed from should be reversed and the cause remanded for a new trial.

We concur: Haynes, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the cause remanded for a new trial.