WILLIAM H. SHEA v. CLOQUET LUMBER COMPANY and Another.[1]

June 17, 1904.

Nos. 13,791—(31).

**Malicious Prosecution.**

That a criminal prosecution was instituted upon the advice of counsel, given after a full and fair statement by the prosecutor of all the facts relating thereto, and honestly and in good faith acted and relied upon by the prosecutor, is a complete defense to an action for malicious prosecution. It is unnecessary for the prosecutor to show, in addition to the advice, and his reliance thereon in good faith, that the advice was honestly given by the attorney.

**Advice of Counsel.**

Such advice would not be a defense, however, if the prosecutor knew or had reason to believe that the advice was not given in good faith.

Action in the district court for St. Louis county to recover $25,215 for malicious prosecution. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $4,000. From an order denying a motion for a new trial provided plaintiff should consent to a reduction of the verdict to $3,825, defendants appealed. Reversed, and new trial granted.

[1] Reported in 100 N. W. 111.

*Wm. B. Phelps,* for appellants.

*A. E. McManus* and *W. F. Bailey,* for respondent.

BROWN, J.

Action to recover damages for malicious prosecution, in which plaintiff had a verdict for $4,000, and defendants appealed from an order denying their motion for a new trial.

The facts are as follows: In the survey of the public land in township 57, range 17, county of St. Louis, the surveyors attempted to run a meander line around a certain lake; but the line so run was at such a distance from the lake that this court held in Security L. & Exp. Co. v. Burns, 87 Minn. 97, 91 N. W. 304, that the survey was a fraud, and that the owners of lots abutting on the meander line so run did not, according to the general rule in such cases, own the land between the meander line and the lake shore. A map showing the situation will be found in 87 Minn. 100, 91 N. W. 305.

Plaintiff in this action settled upon a tract of land between the meander line and the lake, and claimed to be entitled to the same under the homestead laws. Defendant Cloquet Lumber Company acquired title to one of the government subdivisions adjoining the meander line, and claimed that its title extended to the lake shore, and that the land so settled upon by plaintiff was a part of the subdivision it so owned. The question of its ownership arose in the United States Circuit Court in the case of Kirwan v. Murphy, 83 Fed. 275, 28 C. C. A. 348, where it was held that the meander line run by the government surveyors was not a boundary line, and that the title of owners of abutting property extended to the lake shore. The controversy was carried from that court to the Court of Appeals, where the same conclusion was reached. The claims of the respective parties were made in good faith. Plaintiff believed in good faith that he was entitled at least to the possession of the land, that he would ultimately acquire it from the government, and that he was the owner of the timber growing thereon. Defendants also believed in good faith—basing their belief on the decisions of the United States courts referred to—that the land belonged to the lumber company, and that the company had the right to cut and remove the timber. Defendants were mistaken. The Supreme Court of the United States, subsequent to the time of the transactions here involved.

on a review of the decision of this court in the Burns case supra, determined the question adversely to the company, and held that the land between the meander line and the lake was public land, and not a part of the land abutting upon the meander line.

The land settled upon and claimed by plaintiff contained a large body of timber, and defendants were anxious to cut and remove the same. Plaintiff insisted, notwithstanding the decisions of the United States courts, that he was entitled to the land, and the owner of the timber, and he resisted all efforts of the lumber company to cut or remove it. He caused the arrest of defendants' foreman on several occasions, and protested in various ways that the lumber company had no right to interfere with his possession of the land. After considerable difficulty between the parties in reference to their respective rights, defendants caused the arrest of plaintiff upon the charge that he had threatened to shoot and kill defendants' employees who had been sent to the land to cut and remove the timber; the purpose of the arrest being to have plaintiff placed under bonds to keep the peace. He was arrested, taken to Duluth, and, upon hearing before the municipal court of that city, discharged; no case having been made against him.

Thereupon plaintiff brought this action for damages, alleging that his arrest and prosecution were without probable cause and malicious. The defense interposed was (1) that there was probable cause to believe that plaintiff had made threats to kill defendants' employees if they continued in their efforts to cut and remove the timber from the land; and (2) that they submitted the matter to an attorney residing at Duluth, disclosed to him all the facts respecting the case, and were advised by him to institute criminal proceedings against plaintiff for the purpose of requiring him to give bonds to keep the peace; that, in causing his arrest, defendants acted and relied in good faith upon the advice of their counsel. The jury returned a verdict for plaintiff for the sum of $4,000, which the trial court approved, except that it ordered a reduction thereof to the sum of $3,825; the reduction of $175 having been made on the ground of the failure of evidence to establish one item of damages which plaintiff alleged in his complaint, and which the court had charged the jury to consider.

A large number of assignments of error are presented and discussed in the briefs of counsel, but, in the view we take of the case, the

assignment respecting the charge of the learned trial court to the jury on the subject of the defense of advice of counsel is the only one requiring consideration.

The court charged the jury, at the request of plaintiff's counsel, that, to constitute advice of counsel a defense to the action, it must be shown that defendants acted in good faith in consulting the attorney and in acting upon his advice, but that the fact that such advice was given was entitled to no weight if the evidence was sufficient to create in their minds a well-founded belief that it was not honestly given. The complaint made against this instruction is that it cast upon defendants the burden of showing not only that they acted in good faith upon the advice of counsel, but that the advice was honestly given by the attorney, as well. The instruction was repeated in the course of the general charge to the jury, and appears to have been adopted by the trial court as a correct and accurate statement of the law. We are of opinion that the ruling of the trial court on this subject is not in harmony with the weight of authority.

The general rule is that advice of counsel is a defense to an action for malicious prosecution where it appears that the prosecution was instituted in reliance in good faith upon such advice, given after a statement to the attorney of all the facts known to the prosecutor, or which he had reason to believe existed. Gilbertson v. Fuller, 40 Minn. 413, 42 N. W. 203; Moore v. Northern Pacific R. Co., 37 Minn. 147, 33 N. W. 334. It is not essential that the prosecutor also show that the attorney gave the advice honestly and in good faith. Seabridge v. McAdam, 119 Cal. 460, 51 Pac. 691; Sandell v. Sherman, 107 Cal. 391, 40 Pac. 493; Peterson v. Toner, 80 Mich. 350, 45 N. W. 346. Of course, if the prosecutor knew or had reason to believe that the advice was not given in good faith, it would constitute no protection to him; nor could he rely upon such advice if he colluded with the attorney, and obtained it for the mere purpose of protection. It is true that in parts of the general charge the law on this subject was correctly stated to the jury, but special prominence appears to have been given this feature, and the jury undoubtedly understood that it was incumbent upon defendants affirmatively to show that the advice was honestly given. As already suggested, we are of opinion that this view of the law is against the weight of authority.

The evidence presented in the record justified the submission of this question to the jury. Whether the advice relied upon was given upon a full statement and consideration of all the facts was for the jury to determine. The question was, under the evidence, properly submitted to them. It was unnecessary that defendants state all the facts to the attorney at the time of seeking his advice, if by previous information communicated to him he was fully informed concerning the merits of the controversy and the prior acts and conduct of plaintiff. The attorney whose advice is sought before commencing a criminal prosecution must, of course, be a competent legal adviser, and fair and impartial. That the attorney whose advice is here relied upon was competent, and a fair and honorable member of the profession, there is no question. The mere fact that he was the general attorney of defendants would not preclude them from seeking his advice in this particular matter. It was for the jury to say whether he acted impartially, or whether he was in collusion with defendants, and advised the commencement of the prosecution against plaintiff for some ulterior motive, rather than a purpose to vindicate the law and prevent a breach of the peace. Watt v. Corey, 76 Me. 87; Charles City Plow & Mnfg. Co. v. Jones, 71 Iowa, 238, 32 N. W. 280.

It is unnecessary to consider the other assignments of error, but we may remark, in taking leave of the case, that the amount of the verdict is so out of proportion to what the record shows would be reasonable and fair, taking into consideration all the circumstances disclosed, as to indicate passion and prejudice on the part of the jury. A new trial might well be granted on the ground of excessive damages, but we place our decision upon the error of the court, already pointed out, in its instructions to the jury.

Order reversed and new trial granted.