WILLIAM H. SHEA v. CLOQUET LUMBER COMPANY and Another.[1]

January 5, 1906.

Nos. 14,545—(118).

**Malicious Prosecution.**

Action for malicious prosecution. *Held*, the plaintiff was entitled to introduce proof of his good reputation on the question of want of probable cause for prosecuting him on a criminal charge.

**Damages.**

The evidence sustains the verdict, and the damages awarded, as reduced by the court with the consent of the plaintiff, are not excessive.

**Public Land—Squatter.**

The court did not err in refusing to instruct the jury that a squatter on unsurveyed land belonging to the United States had no interest in the timber growing thereon.

Appeal by defendants, Cloquet Lumber Company and H. C. Hornby, from an order of the district court for St. Louis county, Cant, J., denying a motion for a new trial on condition that plaintiff consent to reduce the verdict to $1,200, after a trial and verdict in favor of plaintiff for $3,000. Affirmed.

[1] Reported in 105 N. W. 552.

*Wm. B. Phelps,* for appellants.

*A. E. McManus,* for respondent.

START, C. J.

Action for malicious prosecution. Verdict for the plaintiff for $3,-000. The defendants moved for a new trial, which was denied, on condition that the plaintiff consent to a reduction of the verdict to the sum of $1,200. The plaintiff so stipulated, and the defendants appealed from the order. This is the second appeal herein, and reference is here made to the opinion of the court on the former appeal for a full statement of the facts of the case. 92 Minn. 348, 100 N. W. 111.

1. The first assignment of error to be considered is to the effect that the trial court erred in receiving over the defendants' objection evidence of the good reputation of the plaintiff as a peaceable and law-abiding citizen at the time of his arrest. The alleged malicious prosecution which is the subject-matter of this action was a criminal prosecution in the municipal court of the city of Duluth upon a complaint charging the plaintiff with having threatened to commit a felony upon the person of Peter Campbell, and, with intent to kill, threatened to assault him with a loaded Winchester rifle. Evidence of the plaintiff's good reputation as a peaceable citizen would clearly have been competent on the hearing of the criminal charge as tending to show the improbability of a person of his good character, as evidenced by proof of his good reputation, committing the act charged. Now in this civil action the main issue was whether the defendants, in commencing the prosecution, had probable cause for their action. The plaintiff was required to prove that they did not have probable cause to believe him guilty of the offense charged, and as tending to prove this negative it was competent to give evidence of his good reputation at the time of his arrest, of which the defendants may be presumed prima facie to have been aware, to show the improbability of his having committed the act charged. Schuek v. Hagar, 24 Minn. 339; Olson v. Tvete, 46 Minn. 225, 48 N. W. 914; Hein v. Holdridge, 78 Minn. 468, 81 N. W. 522; Hlubek v. Pinske, 84 Minn. 363, 87 N. W. 939; Woodworth v. Mills, 61 Wis. 44, 20 N. W. 728, 50 Am. Rep. 135; McIntire v. Levering, 148 Mass. 546, 20 N. E. 191, 2 L. R. A. 517, 12 Am. St. Rep. 594. Therefore we

hold that the plaintiff was entitled to introduce evidence of his general good reputation as a peaceable citizen.

2. The next assignment of error is that the court erred in refusing to give to the jury the defendants' first request, which was this:

> Timber growing on unsurveyed government lands belongs to the United States, and a squatter on such lands has no interest in or title to such growing timber.

As against the United States it is true that a squatter has no title to or interest in the land. The evidence, however, tended to show that the plaintiff settled upon the land some nine years before his arrest; that he made application to enter the land under the homestead laws, which was refused; that "plaintiff believed in good faith that he was entitled at least to the possession of the land, that he would ultimately acquire it from the government, and that he was the owner of the timber growing thereon." See 92 Minn. 348, 100 N. W. 111. This evidence tended to show that as against a trespasser the plaintiff had an inchoate interest in the timber growing on the land he was so in possession of. Hastay v. Bonness, 84 Minn. 120, 86 N. W. 896. In view of this evidence, the requested instruction, if given, would have been misleading, for the reason that the jury might infer therefrom that the plaintiff had no right as against trespassers to protect the timber growing on the land in his possession. The court did not err in refusing to give the instruction.

3. The third and last assignment of error is that the court erred "in refusing the defendants' application for an order vacating and setting aside the verdict and granting the defendants a new trial of said cause." The motion for a new trial was made upon four distinct grounds. No question as to the sufficiency of this assignment is here made, but we are not to be understood as approving it. Dunnell, Minn. Pr. § 1796.

Counsel discuss two questions under this last assignment of error. The first one is the sufficiency of the evidence to support the verdict. We hold that it was sufficient. See 92 Minn. 348, 100 N. W. 111.

The second is that the damages awarded by the jury are excessive, appearing to have been given under the influence of passion and prejudice. It appears from the record and the admissions of counsel on

the argument that this cause has been tried three times; the plaintiff receiving a verdict each time. The first verdict was for $4,000, the second for $4,000, and the third and last for $3,000, which was reduced by the trial court with the consent of the plaintiff to $1,200. We are of the opinion, based upon a consideration of the evidence, that the damages awarded as reduced by the trial court are not excessive, but reasonable, and, further, that upon the whole record and history of this case the order denying a new trial thereof is right. See Peterson v. Western Union Telegraph Co., 65 Minn. 18, 67 N. W. 646, 33 L. R. A. 302; Id., 72 Minn. 41, 74 N. W. 1022, 40 L. R. A. 661, 71 Am. St. Rep. 461; Id., 75 Minn. 368, 77 N. W. 985, 43 L. R. A. 581, 74 Am. St. Rep. 502.

Order affirmed.