QUIÑONES, PLAINTIFF AND APPELLEE, *v.* ROSADO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for Damages.

No. 2095.—Decided May 21, 1920.

MALICIOUS PROSECUTION — PROBABLE CAUSE — EVIDENCE. — In this action for damages for malicious prosecution the defendant-appellant assigns as error the finding of the court that there was no probable cause for prosecuting the plaintiff under the complaint which brought about his imprisonment. *Held:* That there being a conflict in the evidence as to whether the defendant knew at the time of making the complaint that the plaintiff had appropriated the oxen, which was the act charged, and the trial judge not having believed the evidence for the defendant, the weighing of the evidence by the court below must be sustained.

ID.—ID.—DISMISSAL—DISCHARGE.—If in an action for malicious prosecution the plaintiff proves that as a result of an investigation of the crime with which the defendant charged him the complaint was dismissed at the instance of the district attorney, this amounts to an acquittal, for our system of criminal procedure being purely accusatory, when the district attorney decides that there are not sufficient grounds for the charge and files his recom-

mendation that the accused be discharged, the matter is thus terminated favorably to the accused without the necessity of any order of the court, according to section 99 of the Code of Criminal Procedure.

ID.—DAMAGES—SPECIAL DAMAGES—GENERAL DAMAGES.—In accordance with the doctrine laid down in *Torres* v. *Ramírez*, 22 P. R. R. 419, to the effect that only special damages must be particularly pleaded and also that section 1803 of the Civil Code authorizes a court to award damages that naturally flow from the injury caused, it is unnecessary to decide in this case whether the evidence showed special damages, because the appellant was adjudged to pay only the amount claimed as general damages caused the apppellee by his imprisonment, which was a natural consequence of the complaint against him.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Manuel Rosado was sued for damages in the sum of $2,750 as the result of a certain criminal charge made by him against appellee Andrés Quiñones and judgment having been rendered against him for $500 he appealed and assigned as errors; first, that it was not shown that there was no probable cause for the charge; second, that it has not been shown that the plaintiff was acquitted of the charge, and, third, that the evidence was not sufficient to support the judgment for the amount of damages. As is seen, the three errors assigned refer to the sufficiency of the evidence.

Let us review the evidence as to the first error assigned.

On July 19, 1916, appellant Manuel Rosado found that four oxen belonging to him were missing from a pasture. Andrés Quiñones found the oxen trespassing upon lands owned by the Guánica Central of which he was watchman, subject to the orders of his principal, Pablo Negroni, to whom he took the oxen and who instructed Delfín Pérez to drive them to the municipal pound at Mayagüez, where they were received on the following day, July 20. Plaintiff-appellee Quiñones testified that in the morning of the day following that on which he took charge of the oxen he told appellant Rosado that his oxen had been taken to the municipal pound.

at Mayagüez and that Rosado replied that he would hold him responsible for the consequences. Rosado testified that he had no conversation on that day with Quiñones and that therefore the latter had not informed him of the impounding of his oxen; that he made inquiries for his oxen at the municipal pound of Añasco and also on the Bianchi plantation where cattle are sometimes impounded, but without success, and that as he knew that Quiñones and Pérez had driven his oxen over the Mayagüez highway he consulted an attorney who advised him to file a criminal complaint against them, which the attorney prepared and the witness verified and presented, and that several days later Quiñones went to his home and told him to go to see some gentlemen in Añasco. The complaint charged Quiñones and Pérez with having criminally appropriated four oxen belonging to the complainant and valued at $200, the said oxen having strayed from his land and been found by the accused under circumstances which indicated who their lawful owner was, the said persons not having exercised the necessary diligence to find the owner and return his property to him. Quiñones was imprisoned as a result of the complaint.

The foregoing shows that the evidence was contradictory as to whether when Rosado made the charge on July 21 he knew that Quiñones had not appropriated the oxen, but that they were in the municipal pound at Mayagüez. This conflict in the evidence was adjusted by the lower court against the appellant, not only by the judgment of conviction, but also in the court's opinion in support of it, in which it was stated expressly that the court did not believe Rosado's testimony.

This being established, we cannot hold that it has not been shown that Rosado had no probable cause for making the complaint against appellee Quiñones which resulted in his imprisonment, nor that the lower court committed the

error assigned, for the fact that Quiñones had notified Rosado of the impounding of his oxen and of their location before the complaint was filed was sufficient to eliminate all reasonable belief that Quiñones had criminally appropriated the oxen without taking any steps to find their owner, which, if true, constituted grand larceny. If upon receipt of such notice Rosado had gone to the Mayagüez pound on or after July 20 he would have found his oxen there, but instead of doing this and with the intention of injuring Quiñones and of taking revenge upon him, he consulted an attorney from whom he concealed that fact and criminally prosecuted the appellee, knowing that he had not appropriated the said animals. The case of *Wild* v. *Odell*, 56 Cal. 136, is similar to the case at bar and it was there held that there was no probable cause for the complaint.

In the second assignment of error the appellant maintains that it was not shown that the plaintiff was acquitted of the charge made against him, for although the district attorney decided after an investigation that the case should be dismissed for lack of sufficient evidence, yet the court rendered no judgment in the case, as testified by the clerk of the court.

In the case of *Parés* v. *Ruíz,* 19 P. R. R. 323, we held that the determination of the district attorney not to bring the case to trial because he does not believe that the complaint is wholly supported by the evidence, is sometimes sufficient. And we now desire to say that as our system of criminal procedure is purely accusatory, when the district attorney decides that there are no grounds for a prosecution and enters a *nolle prosequi* the matter is terminated favorably to the accused, without the necessity of any order of the court, according to section 99 of the Code of Criminal Procedure.

We will now examine the last error assigned.

The plaintiff alleged in his complaint that he had suffered damages in different ways and specified the various

amounts at which he estimated the same, as follows: Sum paid to his attorney, $50; traveling expenses, $50; amount which he had been prevented from earning during the prosecution, $150; mental anxiety and suffering undergone during the time he was under arrest, $500; injury to his good name and reputation, $2,000, amounting in the aggregate to $2,750.

In the case of *Torres* v. *Ramírez,* 22 P. R. R. 419, we held that damages flowing from a malicious prosecution without probable cause are general when they necessarily result from the act complained of and that the defendant must be presumed to be aware of the natural consequences of his conduct, and that damages which do not necessarily flow from the act complained of, though possibly attendant upon it, are denominated special damages and must be particularly stated; also that mental anxiety and suffering flow naturally and directly from a malicious prosecution upon the charge of an infamous crime, the very foundation of such action being the indignity inflicted by the prosecution. The gist of that opinion is that only special damages need be specifically pleaded and that section 1803 of the Civil Code authorizes a court to award damages that naturally flow from the injury caused.

Pursuant to the foregoing doctrine it is unnecessary to decide in this case whether the evidence showed special damages, because the appellant was adjudged to pay only the amount claimed as general damages suffered by the appellee by his imprisonment, which was a natural consequence of the complaint made against him.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.