## J. F. MILLER v. DAVID PHILLIPS AND ANOTHER.[1]

December 19, 1930.

No. 28, 086.

*H. Z. Mendow* and *S. E. Jacobs,* for appellants.
*Thomson & Williams,* for respondent.

HOLT, J.

Action for malicious prosecution resulting in a verdict for $1,000. Defendants' motion for judgment non obstante or a new trial was denied, and they appeal.

The defendant Phillips was president and general manager of the defendant United States Roofing & Paint Company, a corporation. Plaintiff worked for the company in Minneapolis as a salesman and in other capacities for some three months in the spring of 1928, then in July went to Fargo, North Dakota, under some different arrangement with the company. He came back to Minneapolis in November, and shortly thereafter Phillips made a complaint in the municipal court of Minneapolis charging plaintiff with embezzling

[1]Reported in 233 N. W. 855.

$10 from the company while working for it at Minneapolis. Plaintiff was arrested and confined a few hours in jail until he procured bail. His trial thereafter resulted in an acquittal, and this action followed.

Defendants claim that a verdict should have been directed in their favor and that they now should have judgment notwithstanding the verdict. This is on the grounds that as a proposition of law there was probable cause for the prosecution and that a full disclosure of all the facts within Phillips' knowledge was made to the city attorney, whose advice was followed in the subsequent prosecution. The foundation for the charge against plaintiff arose from the fact that at one time during plaintiff's service in Minneapolis he was sent by the company to make collections and collected $10 from one Mojeska, giving her a receipt therefor. Thereafter a dispute arose between him and the bookkeeper as to having paid in this money, which finally culminated, according to plaintiff's testimony, in an agreement by him to stand charged or pay the amount; and in October, before the arrest, plaintiff received from the company a statement of account wherein he was charged with this $10. Without going into the testimony further, the jury could find that Phillips did not disclose anything regarding this statement of account; it also could find, on plaintiff's testimony, that even if the $10 had not actually been turned in to the company it was because of an unintentional mistake; and further that with knowledge of the whole situation Phillips had canceled the debt and discharged plaintiff on account thereof. The trial court was not justified in directing a verdict for defendants nor in granting judgment notwithstanding the verdict.

When the trial commenced defendants desired a continuance, but no showing upon which the court could act was made. During the trial some matters crept in regarding disputes between the parties over the Fargo work and litigation there started against defendant company by plaintiff and one Mullaney, with whom plaintiff there worked. In so far as the motion for new trial is based on newly discovered evidence, it is quite obvious that it was either cumulative or related to immaterial matters or was not in any proper sense

newly discovered. We cannot hold that judicial discretion was abused in denying a new trial on the ground of newly discovered evidence.

If plaintiff's version of the controversy relating to the $10 was accepted as true, a substantial sum in the nature of punitive damages was justified. Plaintiff was a man of family and evidently capable of occupying positions of some responsibility in business enterprises. He was accused of embezzlement, placed in jail, and tried for the crime. If the testimony on the part of plaintiff and his wife was believed, that Phillips threatened to arrest plaintiff unless he dismissed a garnishee proceeding instituted at Fargo whereby the company's property was impounded, it justified finding that the prosecution was instigated by vindictive malice.

Defendants cite Smith v. Munch, 65 Minn. 256, 68 N. W. 19; but the court held the facts there did not warrant punitive damages. In Jones v. Flaherty, 139 Minn. 97, 165 N. W. 963, where this court reduced the verdict to $600, it is to be noted that the charge for which the defendant was there prosecuted was perhaps not so detrimental to his character and ability to earn a living as the one upon which this plaintiff was arrested and prosecuted. This court permitted a $1,200 verdict to stand for malicious prosecution in Shea v. Cloquet Lbr. Co. 97 Minn. 41, 105 N. W. 552, and a verdict for $3,250 on two causes of action for malicious prosecution in Price v. M. D. & W. Ry. Co. 130 Minn. 229, 153 N. W. 532, 536, Ann. Cas. 1916C, 267. In the last mentioned case it was said [130 Minn. 241]:

"It is rather difficult for us to see any great actual damages to plaintiff from these prosecutions. But in this kind of an action it is rare that the compensatory damages can be measured with any accuracy. Plaintiff's reputation may have suffered more than we think, and the degradation may have been injurious to his standing in the community and to his feelings."

The rule announced in Chapman v. Dodd, 10 Minn. 277, 292 (350) was adhered to, viz:

"The jury are the proper judges of the amount of damages to be allowed in actions of this kind, and unless there is something in

the case showing that the jury in their determination were influenced by passion, prejudice or some improper motive, the court will not interfere to disturb their verdict."

We find nothing in this record to indicate that anything improper influenced the jury.

The order is affirmed.