PETER NORRELL *vs.* GEORGE VOGEL.

July 3, 1888.

**Malicious Prosecution—Justification—Statements of Third Persons.—** In an action for a malicious prosecution for larceny, evidence of the bare fact that certain persons had stated to the defendant that they believed that the plaintiff had committed the crime does not tend to justify the prosecution.

**Same—Advice of Counsel—Failure to Disclose Material Facts.—The** plaintiff, before the prosecution, requested the defendant to examine the supposed stolen property in his possession, which the defendant refused

to do. This was a material fact, under the circumstances, which should have been stated when the defendant sought legal advice with respect to the prosecution.

Case considered as not showing a justification for the prosecution.

Appeal by defendant from a judgment of the district court for Brown county, where the action was tried before *Webber*, J., and a jury.

*Lind & Hagberg*, for appellant.

*J. M. Thompson*, for respondent.

DICKINSON, J. The defendant has appealed from a judgment against him for the recovery of the sum of $47, in an action for a malicious prosecution. The prosecution complained of was instituted upon the complaint of the defendant for the alleged stealing of lumber. The defendant testified, in his own behalf, as to certain facts communicated to him, tending to implicate the plaintiff in the larceny, and that from these facts he had thought that the plaintiff was guilty. Upon objection being made to a question subsequently put to the defendant, this statement was made in his behalf: "We propose to show that other neighbors and residents around there told Mr. Vogel, when he was inquiring about that lumber, that they believed that Mr. Norrell had taken it." Error is assigned because the court sustained an objection to this offer. We are of the opinion that the court ruled correctly. The offer does not involve a matter of general reputation, nor does it refer to any fact existing, or supposed or said to exist, suggesting the guilt of the plaintiff, or which could be reasonably supposed to have influenced the mind or the conduct of the defendant.

2. We discover no error in rejecting the proof to the effect that, in the course of the criminal prosecution, this defendant did not claim to have personal knowledge of any facts going to inculpate the accused. The part which he took in the prosecution, and the facts upon which he acted, appear to have been fully disclosed. The case afforded no occasion for this testimony, for there was no reason to infer that he did have, or claim to have, any such knowledge.

3. It is claimed that the court should have directed a verdict for the defendant upon his motion. This presents the question whether the

evidence conclusively showed, so that a verdict to the contrary could not stand, either that there was probable cause for the prosecution, or that the defendant acted in good faith, and without malice. It is especially claimed that the conduct of the defendant was justified by the advice of proper legal counsel. It does not, however, conclusively appear that the defendant's statement of the case to counsel, (the county attorney,) upon which the advice of the latter was given, embraced all of the facts known to the defendant which might reasonably be expected to have affected the judgment and advice of the attorney. After the loss of the defendant's lumber the information was communicated to him, upon which the prosecution was instituted, that the plaintiff had a quantity of lumber in his barn, which his informant assumed to identify as the stolen property, chiefly from the resemblance of one particular piece to a piece belonging to the defendant. The defendant had handled his lumber, so that it might be reasonably supposed that he would have been able to identify at least this particular piece. The defendant went to the plaintiff's house, and accused him of having stolen the property. The evidence in this case tended to show that the plaintiff then asked the defendant to look at the lumber which he had in his possession, (and which the defendant's information pointed to as the stolen property,) but that he refused to do so. This fact the defendant did not communicate to the county attorney. Under the circumstances, this cannot be said to have been unworthy of consideration in its bearing upon the question of the probability of the plaintiff's guilt. Therefore, the case does not clearly entitle the defendant to exemption from liability by reason of the advice of the county attorney. The same fact, with perhaps some other circumstances, bears upon the question of the defendant's good faith. From a consideration of the whole case, we conclude, although not without some hesitation, that it does not satisfactorily show that the defendant was justified in commencing the prosecution without further investigation. The amount of the verdict renders it unnecessary to consider a point raised upon the subject of exemplary damages, although we see no reason to question the propriety of the charge in this particular.

Judgment affirmed.