CASE 6.—ACTION BY JAMES SMITH AGAINST W. E. FIELDS.—June 17, 1910.

## Smith v. Fields

Appeal from Fleming Circuit Court.

C. D. NEWELL, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1.  Malicious Prosecution—Probable Cause—Advice of Attorney. —Where, during the trial of an action by defendant for the conversion of certain fence rails, plaintiff testified to a conversation alleged to have been had with B., prior to the conversion, and there was evidence that B. had died prior to such alleged conversation, whereupon plaintiff was arrested at defendant's instance for false swearing, advice given to defendant by his attorney during the excitement of such trial that plaintiff was subject to prosecution for false swearing was not that of a wholly disinterested and unbiased attorney, and was therefore insufficient to authorize a peremptory instruction for defendant in a subsequent action by plaintiff for malicious prosecution.

2.  Malicious Prosecution—Probable Cause—Advice of Attorney. —Advice of counsel is not a defense in an action for malicious prosecution, unless the facts are fully and fairly laid before the counsel; and then only when reasonable diligence has been used to learn the facts on which the advice is sought.

Smith v. Fields.

THOMAS D. SLATTERY and PAUL HEFLIN for appellant.

J. H. POWERS and O. R. BRIGHT for appellee.

Opinion of the Court by Judge Nunn—Reversing.

This action was instituted by appellant for damages for the malicious prosecution of him without probable cause. The facts leading up to the prosecution of appellant occurred, in substance, as follows: Dr. J. J. Cook in his lifetime owned a farm adjoining appellee's. There was a division fence between the farms which was erected before either Cook or appellee became the owners of their respective places. This fence had become somewhat dilapidated, and Cook tore half of it down, and put up a wire fence. Two or three years after this, appellee instituted an action in the Mason county quarterly court against Cook's executrices, he having died, for the value of the rails thus removed by Cook, appellee claiming that the whole fence belonged to him. The executrices answered and denied the claim of appellee, and filed a counterclaim of $150 in damages alleged to have been sustained by reason of the failure of appellee to erect a fence on his half of the line; that, by reason of such failure, appellee's stock went over the old fence and destroyed Cook's crops. The main issue was as to who owned the fence. The representatives of Cook claimed that it was a partnership fence, and appellee claimed that it was his. Cook purchased his land from Betsy Browning, and appellee, Fields, bought his from W. J. Hendrick. It was conceded by the parties that Hendrick erected the fence, and for that reason appellee claimed the whole of it. The representatives claimed that Hendrick erected the fence under a contract with Mrs. Brown-

ing by which she became a one-half owner thereof.
Appellant in this action was introduced as a witness
in that action in behalf of Cook's representatives.
He testified that he lived upon and worked the Brown-
ing farm for many years; that Mrs. Browning asked
him to see Mr. Hendrick about rebuilding this fence;
that the old fence had rotted down and the line grown
up in briers and bushes; that he saw Mr. Hendrick
and he agreed to rebuild the fence upon condition
that she would have the old fence removed and the
briers and bushes cleared away, which was agreed to;
that he, the witness, cleared away the briers and
bushes and removed the old fence, and that Mr. Hen-
drick built the fence; that the work was done within
a few weeks after the agreement was made with Mr.
Hendrick.   For the purpose of showing that no such
conversation occurred between the witness and Mrs.
Browning and that no contract was made with Hen-
drick, as stated, appellee testified in that case and
also in the one at bar that Betsy Browning died in the
fall of the year 1891, and that the fence was built by
Hendrick in the year 1892.   He introduced a record,
a copy of the petition filed in March, 1892, for the pur-
pose of settling Mrs. Browning's estate, in which
it was alleged that Mrs. Browning departed this life
in the year 1891.   He introduced another witness, at
least in this case, who testified that he built the fence
for Mr. Hendrick in the year 1892, and fixed the date
of the birth of one of his children.   It appears that
two or three other witnesses testified in the Mason
quarterly court that the fence was erected by Hen-
drick in the lifetime of Mrs. Browning, and that one
or two colored men built it.   Several witnesses tes-
tified in this action to the same effect.   It appears that
the trial in the Mason quarterly court resulted

against the claim of appellee, and Cook's representatives recovered on their counterclaim. Appellee appealed from that judgment, and on the day he did this he made an affidavit before a justice of the peace in that county and obtained a warrant of arrest against appellant for false swearing in that he testified to a conversation with Mrs. Browning at a time when she was dead. Appellant was arrested in Fleming county, placed in jail there for a few hours, and then carried to Mason county and placed in jail until he could execute bond, which he did within a few hours thereafter. He waived an examining trial. The grand jury heard the evidence, but failed to indict him.

At the conclusion of the evidence in this case, the court gave the jury a peremptory instruction in behalf of appellee. The propriety of this instruction is the only question necessary to be considered. It will be observed from the above statement of facts that a sharp issue was made by the testimony as to whether or not appellee had probable cause for having the warrant of arrest issued. If, in fact, Hendrick erected the fence in 1892, then appellant had probable cause to believe that appellant had sworn falsely and corruptly to the alleged conversation with Mrs. Browning; but, on the other hand, such may not be the case if the fence was erected in the lifetime of Mrs. Browning. We are of the opinion that the court did not give the instruction upon this ground, however, but upon the testimony which we will now consider. Appellee testified that, before causing the warrant to issue, he submitted the facts to an attorney who represented him in the case in the Mason county quarterly court and also to a reputable attorney in Flemingsburg, and they advised him that he had prob-

able cause for the issual of the warrant. The attorney of Mason county testified that he represented appellee in the quarterly court trial, heard the evidence, and told appellee, during the trial, that Smith, appellant, was guilty of false swearing, but did not remember that he advised the issual of the warrant. He admitted that he had said to the attorneys for appellant about the time or before this action was brought that he had advised appellee against having the warrant issued. He also testified that he had a contract with appellee for a fee whereby he was to get $10 either way the case was decided, and $15 if he won the case. The law is that, when a party institutes a prosecution on the advice of counsel properly obtained, the proof of such advice is a defense to an action like this. We do not mean to impugn the motives of this attorney, but we are of the opinion that the evidence given in the way it was and under the circumstances related did not show as a matter of law that it was given by a wholly disinterested and unbiased attorney, and was given during the excitement of the trial. His advice under the circumstances did not authorize the lower court to give the peremptory instruction. The other attorney consulted was a reputable lawyer in Flemingsburg, Ky. Appellee testified that he did not remember whether or not he told this attorney all the facts testified to on the trial in the Mason quarterly court with reference to the issue above named; nor was the attorney able to state what facts appellee told him, but remembered that he told him what appellant testified and about obtaining a copy of the petition in the suit to settle Mrs. Browning's estate, and that appellee told him that the fence was erected in 1892, and, upon these facts, he gave it as his opinion that appellant had sworn falsely. He did not remember, however, that he advised the issual of the warrant.

Smith v. Fields.

In the case of Lancaster v. Langston, 36 S. W. 521, 18 Ky. Law Rep. 299, this court said: "Before bringing the action against Langston, Lancaster consulted a competent attorney, and, as he claimed, laid all the facts before him, who advised him that he had a cause of action and was entitled to the remedy pursued. Lancaster claims that he acted in good faith upon the advice which his counsel gave him. It was proper for the court to submit the question to the jury as to whether he obtained such advice from counsel, and as to whether he obtained it fairly and in good faith acted upon it."

In the case of Gatz v. Harris, 134 Ky. 550, 121 S. W. 462 (to be officially reported), the court said: "Advice of counsel is not a defense in an action for malicious prosecution unless the facts are fully and fairly laid before the counsel. If the real facts are not laid before the counsel, his opinion is no defense to an action for malicious prosecution. Crawford v. Keyser, 5 Ky. Law Rep. 694; Burke v. Rhodes, 13 Ky. Law Rep. 431; Anderson v. Columbia Finance & Trust Co., 50 S. W. 40, 20 Ky. Law Rep. 1790; Ahrens & Ott Manufacturing Co. v. Hoeher, 106 Ky. 692, 51 S. W. 194, 21 Ky. Law Rep. 299. In addition to this the advice of counsel will constitute probable cause only when reasonable diligence is used to learn the facts on which the advice of counsel is sought. In the case last referred to the court said: 'He who consults an attorney about a matter affecting a third person ought to use that care which men of ordinary prudence would use in matters of like magnitude. Less than this would not show good faith. Of course, it is absolutely necessary in questions of this sort that people should act upon the advice of counsel; but they

must exercise in doing so reasonable care to get the truth before the counsel.' Upon the evidence it was a question for the jury whether Dr. Harris laid the facts fully and fairly before his counsel, and whether he had used reasonable diligence to learn what the actual facts were when he laid the matter before his counsel. The advice of counsel, when properly obtained, is a defense to an action like this, however erroneous the advice may be." Under the facts of this case and the authorities cited, the court erred in giving the peremptory instruction.

For these reasons, the judgment of the lower court is reversed and remanded, for· further proceedings consistent herewith.