## Weddington v. White.

(Decided May 31, 1912.)

Appeal from Pike Circuit Court.

1. Appeal and Error—Instructions.—Instructions not contained in the bill of exceptions, or made a part of the record by order of court, will not be considered.

2. Malicious Prosecution—Defense—Advice of Counsel.—Advice of counsel is not a defense to an action for malicious prosecution unless all the facts bearing upon the guilt or innocence of the accused which the prosecutor knows, or could have ascertained by reasonable inquiry, are fully and fairly disclosed to counsel.

STRATTON & STEPHENSON for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, William White, brought this action against defendant, Thomas Weddington, to recover damages for malicious prosecution. The jury returned a verdict in his favor for $300. From the judgment predicated thereon, the defendant appeals.

It appears that Weddington, who claims to have lost two hogs, went before the grand jury and secured an indictment against White, charging White with having stolen the hogs. White was tried for the offense, and acquitted. According to the evidence for plaintiff, he purchased from George Gilliam the hogs which defendant claims he stole. This fact is testified to by plaintiff, George Gilliam, and other witnesses. According to the evidence for defendant, he lost two hogs. One of the hogs was black, with white feet, while the other was spotted. The two hogs strayed from his premises. They were each marked with a slit in the left ear. Two or three months after the hogs strayed away, he found them with plaintiff's hogs. Defendant told plaintiff's son that they were his hogs. Plaintiff's son replied that his father had purchased them from George Gilliam. After he learned that the plaintiff claimed to have purchased the hogs from George Gilliam, he went to George Gilliam's house. George was not at home, but his wife was. He inquired of George's wife if they had sold plaintiff any hogs. She said they had let him have two pigs. One was white, and she had forgotten the color of the other one. One evening Alex. Blankenship came to defendant's house and asked him if he had found his hogs. They talked about where the hogs were, and understood each other. When he examined the two hogs in plaintiff's possession, he found that in addition to the slit in the left ear of each hog, they were also marked with a swallow fork. Upon ascertaining these facts, he went to Mr. Butler, the Commonwealth's Attorney, and related the circumstances to him. In this conversation he described the hogs, and told him of having gone to Mr. Gilliam's, and that Gilliam wasn't at home; and also related what Gilliam's wife had said. Butler replied that as defendant's hogs were of a different color from those that Mrs. Gilliam had said had been sold to plaintiff, they might make out a case. Thereupon, he went before the grand jury, and the indictment was returned.

Two or three other witnesses testified that the hogs seen with plaintiff's hogs looked like the hogs which defendant had lost.

As the instructions are not contained in the bill of exceptions, and are not made part of the record by order of court, we cannot consider them. Forest v. Crenshaw, 81 Ky., 51; Tinsley v. White, 21 Ky. L. R., 1151; C., O. & S. W. Ry. Co.'s Receiver v. Smith, 101 Ky., 714.

Appellant contends that the court erred in failing to direct a verdict in his favor. In this connection it is insisted that as he laid the facts before the Commonwealth's Attorney, and in good faith acted upon his advice, this constituted a complete defense to the action.

It is the rule, however, that advice of counsel is a defense to an action for malicious prosecution only when all the facts bearing upon the guilt or innocence of the accused which the prosecutor knew, or could have ascertained by reasonable inquiry, are fully and fairly disclosed to counsel. Nance v. Cash, 143 Ky., 358; Burk v. Rhodes, 13 Ky. L. R., 431; Anderson v. Columbia Finance & Trust Co., 20 Ky. L. R., 1790; Ahrens & Ott Mfg. Co. v. Hoeher, 106 Ky., 692; Smith v. Field, 129 S. W., 325; 139 Ky., 60; Gatz v. Harris, 134 Ky., 550.

In this case, plaintiff and defendant were neighbors. Defendant admits that he never talked to plaintiff at all with reference to the hogs, but spoke only to plaintiff's son. He never even took the trouble to inquire of Gilliam whether the latter sold the hogs to plaintiff. He claims to have consulted Gilliam's wife and to have accepted her statement, though he admits that she denied having made the statement to him. Under these circumstances, we cannot say as a matter of law that defendant fully and fairly disclosed to the Commonwealth's Attorney all the facts which he knew, or could have ascertained by reasonable inquiry. Had he inquired of Gilliam, Gilliam would have told him that he sold the hogs to plaintiff. This information he could have acquired with very little effort. Had this information been conveyed to the Commonwealth's Attorney, it is very doubtful if he would have recommended to defendant that the prosecution be instituted. At any rate, the question was for the jury, and the court did not err in refusing to give the peremptory instruction asked for by defendant.

Judgment affirmed.