## Cotton Seed Products Company v. Bondurant.

(Decided November 12, 1915.)

Appeal from Fulton Circuit Court.

1. Appeal and Error—Bill of Exceptions—Instructions.—Although the clerk has copied in the record what purports to be the instructions given on the trial, if they are not embraced in the bill of exceptions or identified by an order of the court, they will not be considered.

2. Appeal and Error—Verdict.—This court will not set aside the verdict of the jury where there is evidence to sustain it, although the preponderance of the evidence may be on the other side.

HENDRICK & NICHOLS and BURNETT & BURNETT for appellant.

W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

Appellee instituted this action against appellant for the price of a car load of cotton seed.

It is the contention of the appellee that appellant's agent on or about the 23rd of January, 1913, entered into a contract with him by which it bought from him five car loads of cotton seed at an agreed price, after an inspection of the seed, the appellant's agent at the time knowing that a part of the seed, about one car load, was not of as good quality as the balance of the seed.

Appellant claims that it did not buy the seed at that time, but received the five car loads of seed and paid for the four car loads of good merchantable seed; but that the car load for which it refused to pay was practically worthless, and that it never bought or agreed to pay for the same. Its answer was made a counterclaim wherein it set up certain other and older transactions between the parties and alleged that it had overpaid appellee in such transactions about $205, for which it prayed judgment. The allegations of the counterclaim were denied, and upon a trial the jury found for the plaintiff for the car load of seed at the contract price, and against appellant on the counterclaim.

On this appeal only two reasons are given for reversal: (1) because the court erred in giving instruction No. 2 to the jury, based upon the allegations of the counterclaim, and (2) because the verdict of the jury is flagrantly against the weight of the evidence.

A transcript of the evidence, together with the rulings of the court upon the admission and rejection of testimony, transcribed by the official stenographer and approved by the court, is filed in the record as a bill of exceptions; but in this bill of exceptions the instructions are not embraced.

What purports to be the instructions given by the court are copied in the record, and at the top of the page where they begin is an annotation in brackets, evidently made by the clerk, which says, "Order made May 7th, 1914, continued," there being no styling of the case and nothing further to indicate that they were embraced or referred to in any order of the court. The only order of the court made on May 7th, 1914, which we have found, is one made prior to the trial, which was held on that day, reciting the fact that the plaintiff had filed his reply, and that is copied in the record several pages in advance of the place where the supposed instructions are copied.

With the record in this condition we are unable to see that there was any order of the court referring to or identifying the instructions which the clerk has copied in the record. And there being no identification of them, either by bill of exceptions or order, they cannot be considered. Weddington v. White, 148 Ky., 671; Madden v. Meehan, 151 Ky., 220; Civil Code, section 219 and notes.

The contention that the verdict is flagrantly against the weight of the evidence, even if it can be considered upon an appeal where the instructions are not in the record, cannot be sustained. The plaintiff explicitly testified that the defendant's agent inspected the seed, knew that one car load of it was not of the best quality, and called attention to that at the time, and bought the whole five car loads at the contract price with this knowledge. This evidence is corroborated, in a measure, by the fact that the five car loads of seed were received by appellant, and that the car load of defective seed was actually paid for by it.

The jury were the judges of the weight to be given to the evidence, and this court will not set aside its verdict where there is evidence to base it upon, even though the preponderance of the evidence may have been on the other side.

Judgment affirmed.