# FRED A. JONES v. THOMAS FLAHERTY.[1]

December 28, 1917.

No. 20,642.

**Malicious prosecution — malice — want of probable cause.**

1. In an action for malicious prosecution plaintiff must prove malice, and want of probable cause for the prosecution.

**Same — what is evidence of probable cause.**

2. If he makes a full and fair statement to a competent lawyer and is advised by the lawyer, upon such statement, that prosecution will lie, this is proof of probable cause.

**Same.**

3. If the statement made is not full and fair, this defense collapses.

**Same — verdict sustained by evidence.**

4 In this case the verdict of the jury is, in effect, a finding that defendant did not make such full and fair statement. The evidence sustains such a finding.

**Damages excessive.**

5. The damages are excessive and a new trial should be granted, unless plaintiff consents to a reduction of the verdict.

Action in the district court for Ramsey county to recover $10,000 for malicious prosecution. The answer alleged that plaintiff, believing his property had been destroyed and removed, stated the facts to the city prosecutor, who advised defendant to bring action and filed a complaint in the municipal court of St. Paul; plaintiff was thereafter arrested and, after hearing in the municipal court, discharged. The case was tried before Converse, J., who at the close of the testimony denied defendant's motion to dismiss the action, and a jury which returned a verdict for $1,125. Defendant's motion for judgment notwithstanding the verdict was denied and his motion for a new trial was granted, unless plaintiff consented to a reduction of the verdict to $600. From the order denying this motion, defendant appealed. Affirmed.

*R. A. Walsh,* for appellant.

*Edgerton & Dohs,* for respondent.

[1]Reported in 165 N. W. 963.

139 M.—7

HALLAM, J.

Action for malicious prosecution. Defendant owned a dwelling house in St. Paul. Plaintiff occupied it as tenant. Defendant terminated the tenancy and plaintiff moved. Next day defendant claimed to have found that certain damage had been done to the interior of the house. He thought of having plaintiff arrested. He went to his lawyer who referred him to the city prosecutor. His statement to the city prosecutor and the advice given is testified to by that official as follows:

"He said there were * * * some drawers in closets up stairs * * * that had been removed * * * and there was considerable shelving had also been removed from these closets. He mentioned a window on the second floor * * * that had been broken, and he described the damage to the window; he stated it looked as though it had been pushed out. He stated there were some curtains or window shades that had been removed from the down stairs * * * I believe, and that one or two of those curtains had been cut; he described the cut to me * * *. And I think he said something about wall paper being torn in the hallway. He also mentioned a trap or water faucet being destroyed or removed—in the kitchen I believe; and said that the vegetable bin and coal bin and either a table or bench in the cellar had been removed; and that there were evidences that they had been destroyed or cut up down there; and he had with him at the time several shavings or pieces of wood he contended were parts of these bins or benches. * * * He claimed also this property he described was in good condition when Mr. Jones moved into the place, and was found in this condition or was missing entirely when the defendant moved out. I told him he had probable cause to believe that Mr. Jones had caused this damage * * * that he had probable cause to have a warrant issued for his arrest on that charge."

The prosecutor then prepared a complaint on a charge of malicious destruction of property, had defendant sign it and caused a warrant to issue. Plaintiff was arrested, tried and acquitted, and then brought this action. This case has been tried twice. Two juries found for plaintiff. The last jury gave a verdict for $1,125. Defendant appealed.

1. Plaintiff was obliged to prove malice of defendant and want of probable cause for the prosecution. There was evidence from which a jury might find malice. The only question is whether there was sufficient

proof of want of probable cause. On this point the law is that, before instituting a prosecution, a party is not bound to have evidence that will insure a conviction. He is not required to be absolutely convinced, but he must have evidence sufficient to justify an honest belief of the guilt of the accused. What is necessary is, that there should be such circumstances as would warrant a reasonable man, discreet man, a prudent man, in believing the accused guilty. Stewart v. Sonneborn, 98 U. S. 187, 25 L. ed. 116.

2. He is not obliged to trust to his own judgment. It is not always wise that he should do so. It is better that he should consult a competent lawyer. If he does so, he should make a full and fair statement of all facts known to him, and all facts of which, with reasonable diligence, he may obtain knowledge. Indianapolis Traction & T. Co. v. Henby, 178 Ind. 239, 97 N. E. 313; Smith v. Fields, 139 Ky. 60, 129 S. W. 325, 30 L.R.A.(N.S.) 870; Pawlowski v. Jenks, 115 Mich. 275, 73 N. W. 238; Wakely v. Johnson, 115 Mich. 285, 73 N. W. 238; Ambs v. Atchison, T. & S. F. Ry. Co. (C. C.) 114 Fed. 317; Blunk v. Atchison, T. & S. F. Ry. Co. (C. C.) 38 Fed. 311, 26 Cyc. 35. If, after such statement he is advised by the lawyer that prosecution will lie and he acts in good faith upon that advice, this is conclusive proof of probable cause and establishes a complete defense to the action for malicious prosecution. This rule applies with still greater reason when the lawyer, upon whose advice he relies, is a public prosecutor, Moore v. Northern Pac. R. Co. 37 Minn. 147, 33 N. W. 334. See Shea v. Cloquet Lumber Co. 92 Minn. 348, 100 N. W. 111, 1 Ann. Cas. 930.

3. There was sufficient evidence of want of probable cause if we eliminate the advice given by the city prosecutor. The statement made to the city prosecutor is undisputed. That the city prosecutor, upon that statement of fact, advised the prosecution, is undisputed. The only question is, did defendant make to him a full and fair statement of the facts. If he did, his defense is complete. If he did not, his defense collapses. Norrell v. Vogel, 39 Minn. 107, 38 N. W. 705.

4. The verdict of the jury amounts to a finding that he did not make a full and fair statement to the city prosecutor. There is evidence that defendant's statement as to the condition of the premises was much exaggerated, that some of the conditions that did exist, existed before

plaintiff became a tenant of the premises, and that others were not caused by plaintiff, and that defendant knew or could easily have ascertained this. In fact, if the testimony for plaintiff is all true, there was little or no damage which plaintiff did or could have done. We are of the opinion that the evidence is such as to sustain a finding that defendant 'did not make a full and fair statement to the prosecutor, and that there is sufficient proof of want of probable cause for the prosecution.

5. Defendant claims the damages are excessive. We think they are. Plaintiff was arrested about 8 o'clock in the morning and taken to the municipal court and there locked up with other prisoners awaiting the call of his case. His case was called at about 10 o'clock and was continued. He was then again held at the court house until 11:30 when he was taken to the county jail, searched, measured and held until some time after noon, when he was released on bail. He was required later to attend the trial, but was not thereafter imprisoned or restrained of his liberty. The amount of money out of pocket was small. The principal elements of damage were for the indignity plaintiff suffered and for punishment of the defendant. The facts warrant substantial damage, but we think the amount allowed cannot be sustained. The verdict may stand if plaintiff shall within 10 days after filing a remittitur in the district court consent to a reduction to $600. Otherwise a new trial must be had. So ordered.