J. P. Ward, who will hereinafter be called the plaintiff, sued the Atlantic Coast Line Railroad Company, a corporation, hereinafter called the defendant, for malicious slander, basing his action upon an unsuccessful prosecution by the defendant of the plaintiff for a criminal offense.
The case proceeded to trial before a jury upon the general issue of "not guilty." When the plaintiff had concluded his evidence the defendant's attorneys moved for a directed verdict which was denied by the court. Thereupon the *Page 528 
defendant began its evidence and progressed to the extent of the examination of one witness, Mr. Morrison, who, it appears, was the agent of the defendant corporation who conducted the investigation and procured the prosecution of the plaintiff for the alleged criminal offense. The burden of this witness's testimony was that he had submitted the facts which he had been able to gather about the alleged criminal acts of the plaintiff to Mr. Crews, State Attorney, and to Judge Cary D. Landis, Division Counsel of the defendant corporation, and that the prosecution was upon the advice of these attorneys. The defendant further undertook to prove by Judge Landis that upon the information furnished him by Mr. Morrison he had advised that there was such "probable cause" as to justify the prosecution of plaintiff.
Before the examination of Judge Landis was concluded, the judge of the court, acting upon his own motion peremptorily directed a verdict for the defendant, to which the plaintiff excepted. A motion for new trial was made in behalf of the plaintiff, and at a hearing upon a later date the motion was granted.
The granting of the motion for new trial is the sole error assigned.
A Circuit Judge is authorized by Chapter 9364, Acts of 1923, amendatory to Section 2693, Revised General Statutes of 1920, to direct a verdict under certain conditions. The portion of the law specially applicable to this case is as follows:
"And if, after all the evidence of the parties shall have been submitted, it be apparent to the judge of the Circuit Court, or County Court or Court of Record, that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party." *Page 529 
The amendatory Act of 1923, (Chapter 9364) also authorizes the court to direct a verdict for the defendant, if upon the conclusion of the plaintiff's evidence, it be apparent that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff.
The record shows that the Circuit Judge did not think the defendant entitled to a verdict upon the conclusion of the plaintiff's evidence, therefore it became necessary before a directed verdict could be given for either party that all the evidence be submitted. This was not done, but the verdict was directed even before all the evidence for the defendant had been submitted, and thus the plaintiff was denied the opportunity to submit rebuttal testimony.
It is error for the court to direct a verdict for the defendant in a civil action upon the conclusion of the defendant's evidence without first affording the plaintiff an opportunity to submit rebuttal evidence. The Circuit Judge, realizing this error granted motion for new trial, which was the proper thing to do.
The law is well settled: That defendant before procuring plaintiff's arrest laid all the facts before a competent attorney and fairly obtained advice that prosecution was legal and in good faith acted on such advice, is a complete defense, but all facts bearing on guilt or innocence of plaintiff which prosecutor knew, or could have known by the exercise of reasonable enquiry must have been fully and fairly disclosed to such attorney. See Florida East Coast R. Co. v. Groves, 55 Fla. 436,46 South. Rep. 294.
Nevertheless it is also true that advice of counsel as a defense depends upon whether prosecutor fully and fairly disclosed all the facts to the attorney. Shoemaker v. Southwestern Petroleum Co., ___ Ky. ___, 281 S.W. Rep. 533.
In the case of Weddington v. White, 148 Ky. 671, *Page 530 147 S.W. Rep. 17, it is said: "The question whether defendant fully and fairly disclosed to the commonwealth's attorney all the facts known or ascertainable by reasonable enquiry was for the jury." But to the writer of this opinion this seems too general a statement of the law. It would seem more correct to say: If it is plainly apparent, after hearing all the evidence, that all the facts known to the prosecutor or ascertainable by reasonable enquiry had been fully and fairly related to the attorney by the prosecuting witness and that the prosecution was upon the advice of the attorney based on such information, this being a complete defense it would be proper for the court to direct a verdict for the defendant. But where the question is doubtful as to whether or not all the facts had been disclosed to the attorney, or fairly presented to him by the witness, then such question should be left to the jury to be determined. Even though the court might feel convinced upon the hearing the defendant's evidence that the requirements of the defense of advice of counsel had been fully met, still it could not be presumed that the plaintiff might not overcome such evidence by rebuttal testimony.
While it is a question not directly necessary to determine in this opinion, since it was raised in the trial of the case, it may not be amiss to say here that the fact that counsel consulted was attorney for prosecutor does not disqualify him from giving advice which may constitute the basis of defense of advice of counsel.
Plaintiff having been denied the right of rebuttal evidence by the directed verdict for defendant, the motion for new trial was properly granted.